UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | NO.   3:10-000211 |
| ) | |
| ) | Judge Campbell |
| v.    ) | |
| ) | |
| [1] BRIAN WAINSTEIN, ) | |
|   a/k/a BARUCH BEN BENJAMIN ) | |
|   a/k/a BRIAN BENBENJAMIN ) | |
|   a/k/a BEN BENJAMIN ) | |
|   a/k/a TREVOR THORTON ) | |
|   a/k/a JOHN MOYLAN ) | |
| ) | |
| [2] SIOBHAN HATTON ) | |
| ) | |
| [3] FIROZ PATEL ) | |
| _____) | |

************

## MEMORANDUM IN SUPPORT OF RULE 6(e)(3(E)(i) MOTION FOR GRAND JURY DISCLOSURE

Comes now the Defendant, Brian Wainstein, by and through counsel, and hereby respectfully tenders this Memorandum in Support of his Motion pursuant to **F. R. Crim. P. 6(e)(3)(E)(i)** to Order the United States to disclose grand jury materials in the case herein.

Generally grand jury proceedings are conducted in secrecy. **Federal Rule of Criminal Procedure 6(e)(2)** generally precludes production of grand jury transcripts. However, **Rule 6(e)(3)(E)(i)** provides an exception to the general rule: "The court may authorize disclosure—at a time, in a manner, and subject to any other conditions that it directs—of a grand-jury matter: (i) preliminarily to or in connection with a judicial proceeding".

To come within the ***Rule's*** exception to the requirement for grand jury secrecy, a movant

must show that the proposed use of the grand jury material is "related fairly directly to some identifiable litigation, pending or anticipated." *U.S. v. Baggot, 463 U.S. 476, 476 (1983)*. Here the grand jury material requested stems from the Defendant's own case. Therefore *Rule 6(e)(3)(E)(i)* would apply.

The second requirement a movant must meet under *Rule 6* is a "particularized need" for the grand jury materials. *See Douglas Oil Co. Of Cal v. Petrol Stops Nw., 441 U.S., 211, 270 (1979)*. Here the long passage of time between the alleged conduct during the period of the indictment and the grand jury proceedings creates a "particularized need". *See U.S. v. Evans & Assoc. Constr. Co., 839 F.2d 656, 659 (10th Cir. 1988).* Also the fact that the alleged evidence against this Defendant consists of the uncorroborated testimony of cooperating government witnesses further strengthens the "particularized need" here. *Id.* Testing the credibility of the cooperating government witnesses in this case establishes a "particularized need". *See Douglas Oil at 222 & n.12; see also Petrol Stops Nw. v. Cont'l Oil Co., 647 F.2d 1005, 1008-1009 (9th Cir. 1981)*.

The particularized need standard is not readily defined and varies with the facts of the case. The theory of grand jury secrecy is designed to protect the inner workings of the grand jury. However, documents considered by the grand jury in its investigation but not produced by the grand jury itself (i.e. produced by independently the government or produced by the targets of the investigation) are entitled to less protection than the grand jury minutes and transcripts. *See e.g., In Re Grand Jury Investigation, 55 F.3d 350, 354 (8th Cir. 1995) (determining that when documents reveal little of the grand jury's internal functions, they are entitled to less protection under the rule and required a reduced showing of particularized need); see also In re Grand Jury Proceedings Relative to Perl, 838 F.2d 304, 306 (8th Cir. 1998)*. Here the

Defendant has requested not only the grand jury transcripts but all exhibits, documents, videos and other materials presented to the grand jury by the United States and by any witness who testified in front of the grand jury.

Grand jury materials may also lead to evidence that is exculpatory. The failure to produce the grand jury transcripts of these cooperating government witnesses would be a violation of *Brady*. Therefore a motion for pretrial production of the grand jury minutes is consistent with the principle of *Dennis v. U.S., 384 U.S. 855, 875 (1966)*, that "determination of what may be useful to the defense can properly and effectively be made only by an advocate."

Further, this is not a request for discovery under *Rule 16*, therefore the contention by the U.S. that the Defendant must be arraigned before being provided these grand jury materials would be inapplicable here. The Defendant maintains the language of *Local Rule 16.01* would not apply either since this is not a request under *Rule 16*. Indeed courts have not even required that the "related litigation" be commenced prior to the disclosure of the grand jury proceedings. *U.S. v. Cotroneo, 37 F.Supp. 2d 1130, 1132 (D. Minn. 1999) (releasing grand jury transcripts, over government objection, to city and Urban League for anticipated breach of contract litigation) (emphasis added)*.

Therefore the Defendant maintains he is entitled to the grand jury transcripts because he has a case directly related to the grand jury in question and he has a "particularized need".
.

        Respectfully submitted,

        S/J. Clark Baird
        J. CLARK BAIRD
        Counsel for the Defendant
        Suite 504 Republic Plaza Bldg.

200 South 7th Street  
Louisville, KY 40202  
(502) 583-3388 phone  
(502) 583-8007 fax  
clark@jclarkbaird.com email

CERTIFICATE OF SERVICE

I hereby certify that on January 29th, 2015, I electronically filed with the Clerk of the Court a copy of the Defendant's Notice of Alibi Defense, which will send an electronic notification to the following:

Hon. Brent Hannafan  
Assistant United States Attorney  
110 Ninth Avenue South, Suite A-961  
Nashville, TN 37203-3870

S/J. Clark Baird  
J. CLARK BAIRD  
Counsel for Defendant Wainstein